### Ed Wright v. The State.

No. 11105.  Delivered November 2, 1927.

**Transporting Intoxicating Liquor—Continuance—Sufficient Diligence Not Shown—Properly Refused.**

Where appellant presented a second application for a continuance on account of the absence of a witness named Hackett, but in his application failed to show that any proper and sufficient diligence had been used to secure the attendance of said witness, there was no error in refusing the continuance.

Appeal from the District Court of Nacogdoches County.  Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*R. A. McAlester* and *S. M. Adams*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Unlawfully transporting intoxicating liquor is the offense, punishment fixed at confinement in the penitentiary for one year.

We find but one bill of exceptions in which complaint is made of the refusal of the court to grant the second application for a continuance on account of the absence of the witness Fred

Hackett. The indictment was filed March 24, 1926, and the trial took place on March 4, 1927. From the averments in the motion it appears that soon after the indictment was filed a subpoena was issued for Hackett, but to what county it was issued is not disclosed. At the call of the appellant's case at the September term, 1926, Hackett was not present. The case was postponed or continued, but the reasons therefor are not shown. We understand from the application that after the disposition of the case Hackett appeared and collected his witness fees. This the appellant claims he did not learn until March 4, 1927, at which date he caused an attachment to be issued for Hackett at Mexia, Limestone County, Texas, which place he gathered from his receipt for the witness fees was the present place of Hackett. The bill fails to disclose what was done with the attachment.

There is an averment that Hackett appeared and was excused by some one, which, in the motion for a continuance, appellant says was unknown to him. The state's testimony leads to the conclusion that Hackett was the owner of an automobile and had advised the sheriff that he had an appointment with some one to deliver whiskey at a certain point. Hackett's automobile was driven to the point mentioned; that thereafter appellant came from the direction of a truck which was stationed upon the road some distance from Hackett's car and was in possession of a quantity of whiskey. The sheriff observed the appellant and put him under arrest and took possession of the whiskey. During the operation a shot was fired from the rear of the appellant by another person, whom the sheriff did not know. Appellant presents the theory that the other person, whom he did not know, was in possession of the whiskey; that it was he who fired the shot. The sheriff's testimony is supported by that of another witness. Appellant introduced some testimony to show that he was on the road in his automobile for the purpose of doing some repair work on the car of a man by the name of Brown. There was evidence impeaching Brown's testimony for truth and veracity.

The application for a continuance is defective in the matter of diligence. According to the averment, Fred Hackett disobeyed the subpoena at the September term, 1926. Appellant failed to issue process for him until March 4, 1927. From the averment in the motion or otherwise there is no information touching the disposition of the attachment, the issuance of which the appellant claims to have caused on March 4, 1927. The law would require that the attachment be sent to the sheriff of the

county to which it was issued.  The attachment is not attached, nor is there any explanation of the failure to attach it or any effort to ascertain whether it was later served or returned.  No affidavit of the witness is attached to the motion for new trial. Considering the insufficiency of the application for a continuance in connection with the entire record, this court is not authorized to hold that in overruling the motion for a continuance or motion for new trial based thereon the trial court abused the discretion which the law vested in him in passing upon the motion for a continuance or motion for new trial.

The judgment is affirmed.                                 *Affirmed.*