### JAKE WRIGHT v. THE STATE.

No. 11194.     Delivered January 25, 1928.

**1.—Rape—Evidence—Of Unchastity of Prosecutrix—Erroneously Excluded.**

Where, on a trial for rape upon a female under the age of consent, but shown to have been over fifteen years of age at the time of the act of intercourse, it was error for the court to refuse to permit appellant to prove certain statements made by prosecutrix to a witness tending to show her unchastity.

**2.—Same—Continued.**

Art. 1183 of our penal code provides "That if she is fifteen years of age, or over, the defendant may show in consent cases, she was not of previous chaste character."

Proof of this fact is admissible as direct evidence, without regard as to whether it may also be impeaching the credibility of a witness. Following Monroe v. State, 105 Tex. Crim. Rep. 543, and other cases cited.

Appeal from the District Court of Eastland County. Tried below before the Hon. Elzo Bean, Judge.

Appeal from a conviction for rape, penalty ten years in the penitentiary.

The opinion states the case.

*J. O. Bishop* of Gorman, for appellant. On chastity of prosecutrix in rape by consent, appellant cites: Nowlin v. State, 206 S. W. 92; Bader v. State, 122 S. W. 555; Rowan v. State, 124

S. W. 668; Draper v. State, 57 S. W. 655; Battles v. State, 109 S. W. 195, and Calhoun v. State, 214 S. W. 335.

*A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—Offense rape, penalty ten years in the penitentiary.

The evidence shows that the female alleged to have been raped was over the age of fifteen years. The transaction relied on for a conviction, according to the evidence of prosecutrix, happened on the 29th day of December, 1926, and her previous unchaste character was one of the issues raised by the evidence, made so by the testimony of a witness who testified to an act of intercourse with prosecutrix prior to December, 1926. The state offered much testimony to impeach this witness.

Appellant offered to make proof by the witness, Gracie Wright, that she had known the prosecutrix for about two years prior to that date and had many conversations with her prior to Christmas, 1926; that prosecutrix told her during these conversations that she loved the appellant; that she wished she could be around him all the time and that she would poison appellant's wife if appellant would run off with her; that in one of these conversations prior to Christmas, 1926, prosecutrix said she and one Erby Wright had gone out to the car shed and stayed there a long time and that they had also been out to the barn, and that she would never get Loyd Snyder and Dutch Hamilton paid with Dutch quarters (a Dutch quarter meaning a hug) ; and she further told the witness that she had promised to meet Loyd Snyder and Dutch Hamilton out half way in the field that night and pay them for cutting wood, and that she had told the Snyder boys that she would give them anything that she had. All of these conversations happened prior to the commission of the alleged offense and were offered as circumstances to show the previous unchaste character of prosecutrix. The court refused to permit the introduction of this evidence and qualified appellant's bill with the statement that no predicate had been laid for the introduction of this testimony while prosecutrix was on the witness stand and that Pat Hamilton, Erby Wright, Dutch Hamilton and Bill Snyder were attending court and could be placed on the stand by appellant. The court, of course, could not direct whom appellant would place upon the stand as witnesses. The trial court was of the opinion that this testimony was admissible only for impeachment purposes.

To this view we cannot assent. Art. 1183, P. C., defining the offense of rape, contains the following proviso: "That if she

is fifteen years of age or over, the defendant may show in consent cases she was not of previous chaste character as a defense."

It has been said that the burden is on the defendant under this statute to raise by evidence a reasonable doubt of the chastity of the female alleged to have been raped. Miller v. State, 96 Tex. Crim. Rep. 133. Simpson v. State, 93 Tex. Crim. Rep. 303. This may be done by proof of circumstances as well as by direct evidence. A plea of not guilty puts her lack of chastity in issue. Certainly she would know of her own unchaste acts better than any other person. Her declarations and admissions throwing light upon this important and controlling issue ought to be evidence of strong probative force, and we perceive no reason for excluding it. It tends directly to prove the main issue and therefore is receivable as original though it is also admissible as impeaching evidence. Monroe v. State, 105 Tex. Crim. Rep. 543; Foreman v. State, 61 Tex. Crim. Rep. 56; Lusty v. State, 97 Tex. Crim Rep. 167; Norman v. State, 89 Tex. Crim. Rep. 330. If admissible only as impeaching evidence, it could be considered by the jury only as affecting her credibility as a witness. The proffered evidence though not of such strong probative force became more important in view of the aforesaid impeachment of one of appellant's main witnesses.

Other questions in the record not herei ndiscussed are either not properly presented or are such as will not likely occur on another trial.

Because of the above mentioned error the judgment of the trial court is reversed and the cause remanded.

*Reversed and Remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.