## F. J. Vyvial v. The State.

No. 11875.   Delivered October 3, 1928.
Rehearing denied November 7, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of twelve years.

No statement of facts accompanies the record. But one matter is presented for review, which is embraced in Bill of Exceptions No. 1. It appears therefrom that in the motion for new trial, the appellant averred that several members of the jury who rendered the verdict had on voir dire declared themselves without prejudice against the appellant or his case. In subdivision four of the motion the appellant avers that he was reliably informed and "has reason to believe and does believe" that juror Blaschke had stated to his fellows in the jury room that the appellant had been charged with the offense of murder, and that said juror urged that charge against the appellant to enhance the penalty. In subdivision six there is an allegation that juror Appelt made a statement to his fellows that the appellant had resisted arrest and in making the attempt had assaulted an officer. In subdivision seven it is charged that the jury as a whole discussed the general reputation of the appellant as a peaceable citizen, and in subdivision eight it is charged that the jurors named above declared to their fellows that the appellant was a violent and dangerous man, and had been charged with murder; that one of the jurors, who the appellant was unable to name, had stated to his fellows that the appellant had resisted arrest and attempted to kill a deputy sheriff. In his prayer attached to the motion the appellant asked that the trial of the motion be set for rehearing and that the court cause process to issue for each of the jurors; that he be permitted to have them sworn and testify relative to the matters therein set forth in support of the allegations contained in the motion. The State's Attorney, in a motion and by way of exception to the motion for new trial, sought to have certain provisions stricken out upon the ground that the averments were made on alleged information which was not disclosed and upon reason to believe which was not set out. In qualifying the bill, the judge who presided at the trial made in substance the following statement: That before the motion was heard, all of the jurors who tried the case were brought into court by process; that the appellant's attorney had opportunity to privately examine each of the jurors; that an exception to the motion was sustained and no request for the privilege of amendment was made by the appellant; that no statement was made by the defendant or his attorney setting forth the testimony which was expected from any of the jurors, all of whom were present.

The proceeding is somewhat novel and irregular. It appears, however, that the appellant was unable to make a specific statement of any fact upon which he relied for a new trial. His averments were upon information and belief but neither the informant nor the basis of belief is set forth. It appears from the motion that he expected to support same by the jurors who tried the case. As stated above, they were all brought into court and after talking to them, it is to be inferred that no information or testimony was gathered from any of the jurors which would have been pertinent to the averments of the motion for new trial. If in his conference with the jurors any fact was disclosed which was deemed by him pertinent or material, it would have been incumbent upon him, in order to invoke an intelligible review, to either amend the motion setting up the fact or to set forth in his bill of exceptions the evidence which he expected to adduce. In view of the qualification, we are unable to sustain the appellant's complaint of the ruling of the court.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Complaining of our opinion on original presentation, appellant insists that we were wrong, and we have again reviewed the only bill of exceptions in this case, which complains of the refusal of the motion for new trial. Said motion set up certain conduct on the part of named jurors who sat in this case, averring that appellant was reliably informed and had reason to believe and did believe that the facts relating to said conduct were true. Appellant asked that process be issued for the jurors in his case so that when the hearing on his motion was had he might prove the facts so set up. The jurors appeared in obedience to such process. Appellant's counsel talked to all or part of them. Answering appellant's motion the State's attorney presented to the court his exception to the allegations of said motion,—because none of the matters extrinsic to the record were supported by the affidavit of any juror having knowledge of said purported facts; because as to none of such matters did the motion state from what source appellant received the information relied upon in making the motion; because no reason or excuse was stated in the motion why same was not supported by the affidavit of some person or persons who gave appellant his information; because all the matters averred in the

motion were but hearsay on the part of appellant. It might be stated in this connection that none of the averments in the motion for new trial were of such nature and character as that a prosecution for perjury might be predicated upon them, in the event they were untrue. The court below sustained the State's exception, struck out of the motion all of those paragraphs setting up facts which reflected on the conduct or attitude of the jurors, and no amendment being offered by appellant, the court overruled the motion and excused the jurors from attendance on the court. The bill also shows that appellant only tendered the jurors upon those parts of the motion thus stricken out upon the exception of the State's attorney; and said bill is further qualified to show that no statement was made by appellant or his attorney at the time or after the exception of the State was sustained, that any member of the jury, if permitted to testify, would sustain the allegations stricken out, or would show the transaction·had as set out in appellant's motion for new trial.

Appellant cites the Means case, 100 Texas Crim. Rep. 1, 271 S. W. Rep. 613. The complaint in that case upon which it was reversed carried with it the statement that if the jurors had been allowed to testify the defendant would have shown the exact transaction set up in the motion for new trial. It is also noted that the matters alleged as misconduct on the part of the jury, in the motion for new trial, in the Means case, supra, were set up as newly discovered evidence, and the trial court seems to have held said motion bad because the fact of the newly discovered testimony was not supported by the ex parte affidavit of anyone. In Heffnarn v. State, 260 S. W. Rep. 198, we merely held that one who desires the presence and testimony of jurors in support of his motion for new trial, is entitled to compulsory process to secure their attendance. The court having ordered such process in the instant case, that question is not here involved.

This case seems to us to turn on points not raised in the Means case, supra. We do not believe it should be held that one convicted of crime who makes a motion for new trial pointing out extraneous matters as grounds thereof, all of which are hearsay as to the accused, and to which he necessarily swears on information and belief, is entitled to have such motion considered without attaching the affidavit of some person who has knowledge of such matters, or unless the motion named some person as the source of the information and belief of the accused in making the allegations of the motion,

or without stating some reason or excuse for failure to have supporting affidavits or for not procuring the names of the parties upon whose statements of fact appellant relied as the source of his information.

It seems to us to hold otherwise would authorize in every case the making of general indefinite motions for new trials upon information and belief without specific averment of fact or supporting affidavit, and in such form as that same would not support prosecutions for perjury, which would compel trial courts to order process for any and all parties that might be desired and to enable the parties thus convicted to go upon limitless fishing expeditions.

In Kannmacher v. State, 51 Texas Crim. Rep. 122, it was said: "Of course, it is incumbent in the first instance, on the party attacking the verdict to do so by the allegation of some fact supported by affidavits which question the integrity of the verdict and tend to show some misconduct of the jury in arriving at the verdict." In that case it appears that the jury had agreed while in retirement that unless compelled by the court they would make no statement as to what took place in the jury room, and we have no doubt of the right of the accused to have jurors who make such agreement, testify in open court to any misconduct that may be specifically averred and properly authenticated. In Morrison v. State, 39 Texas Crim. Rep. 523, it appears that appellant swore in his motion that he was unable to get an affidavit from any juror because they were unwilling to make same. We find no such averment in the instant case. There is no verified statement in appellant's motion here that the jurors or any of them had refused to talk to him or his attorney, or that any or all of them had refused to make affidavit supporting his averment of misconduct. Nor is it stated in any form that when the jurors appeared on the day of the hearing of the motion for new trial, and were interviewed by appellant and his attorney, that they then declined to talk or refused to make affidavit. Art. 751 of our statutes, subdivision 8, says that it shall be competent to prove misconduct of the jury by the voluntary affidavit of a juror, and the verdict may in like manner be sustained by such affidavit. We have interpreted this to mean that upon such issue when properly raised oral testimony of jurors and others may be heard, but have never held that such issue may be raised save by some specific pointed affidavit stating facts, which if true would entitle the accused to a

new trial, and these facts must be more than mere suspicion. As said by Judge Davidson in Long v. State, 48 Texas Crim. Rep. 175:

"While it is safest, always, to follow the language of the statute or its commands in regard to this question of misconduct, still, the mere fact that affidavits were not made in obedience to the prior instructions of the court, would not necessarily require reversal of the judgment if the facts were otherwise produced, or if the opportunity was afforded and the accused declined to produce the evidence. The ultimate effect and intent of these statutes is to inform the court with the sworn statements, either written or verbal, of the facts attending and manifesting the misconduct. This court would not feel called upon to reverse a judgment where the facts have been adduced or tendered for introduction, if declined simply because they were verbal, and not set out in affidavits. The essential matter is the information for the benefit of the trial court, and in case of its rejection by that court or the overruling of the motion then for the inspection of this court on appeal."

While this court does not incline to approve the sustaining of exceptions on the part of the State to matters contained in motions for new trial, when it appears in fact that the jurors are present and the facts can be ascertained without a great deal of trouble, still there must be some discretion on this point confided to the trial court in such matters, and it so plainly appearing in this connection that the jurors in this case had been talked to and examined privately by appellant prior to the time the court overruled his motion and that appellant must have been advised of what the jurors had to say or of the fact that they refused to talk, and that he attempted to make no further statement in connection with his motion showing that he had used diligence, or that he was denied the right of supporting affidavits, it seems to us that the court's action was within the discretion necessarily confided in him.

Believing no error appears, the motion for rehearing is overruled.

*Overruled.*