WILL COONER v. THE STATE.

No. 13319.  Delivered May 28, 1930.
Reported in 28 S. W. (2d) 817.

The opinion states the case.

*Scott, Casey & Hall,* of Marshall, and *O. E. Florence,* of Gilmer,
for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, rape; penalty, twenty-five years in
the penitentiary.

The incriminating facts shown in the record are very unusual.
Appellant's family and that of prosecutrix were neighbors.  On the
date of the alleged rape prosecutrix, a girl about eleven and a half
years old, went in the car with appellant and his wife to a neighbor's
house on a visit.  After returning to appellant's home, the three
started to prosecutrix's home in a car.  She testified that on the
road appellant pulled her from the front to the back seat and at-
tempted to have intercourse with her.  Failing in this he took the
car cushion out and placed it in the public road and there in the
presence of appellant's wife completed an act of intercourse.  Ac-
cording to prosecutrix the only comment his wife made was to tell
him to "behave himself."  After this they re-entered the car, en-
gaged in a friendly conversation until they arrived at prosecutrix's
home and there prosecutrix left the car, where and when she was
invited to visit appellant and his wife again, to which she replied
with an invitation inviting them to her home.  The father of prose-
cutrix at the time sat on the front porch.  Prosecutrix went to bed
without making any complaint or revealing the outrage upon her.
During the night her mother discovered something wrong with her
and an examination revealed that her clothing was bloody.  The
next day at nine o'clock she told her mother that appellant had raped

her and explained her delay in revealing such that appellant had threatened the life of her father if she told it. Two physicians were summoned. Neighbor women came in. The testimony of all these tends very strongly to show that prosecutrix had been recently raped by someone. Her private parts were lacerated and bloody. Some semen was found about her clothing. Both appellant and his wife testified denying in toto the outrage as testified to by prosecutrix. Considering the record as a whole, we regard the testimony as sufficient to make a close issue of appellant's connection with the offense charged. However, we regard the facts before us as strongly if not conclusively, showing that an act of intercourse had occurred between prosecutrix and someone.

With the issues of fact in this condition appellant presented as grounds for a new trial the question of newly discovered evidence, attaching to his motion affidavits of two witnesses. One of these shows that a neighbor lady about three months after the offense was alleged to have committed had a conversation with prosecutrix in which she was asked if appellant and his wife were not always nice to her, to which she replied, "Yes, I would not want any one to be any nicer to me than they had been." Whereupon, she was asked why she wanted to lay that off on to Bill (meaning appellant), to which prosecutrix replied, "It was not Bill that done it. I will tell you some day who it was." The affidavit of another lady is attached which shows that in a conversation with prosecutrix in the presence of other ladies prosecutrix began to tell the details of the crime "and when she began to explain who committed the offense, Mrs. Cook abruptly butted into the conversation and told Valrie Wells that she could not take back what she had told the officers, and that the mother of Valrie Wells also told her that she must stick to what she had said before, because that is what Mr. Willard Ormes told you when we were coming back from town the other day." And in this same conversation, prosecutrix concluded by saying that "she wished the one who was guilty was in Hell with his back broke; and this last remark was made in the same conversation wherein she expressed her hopes that Will Cooner would not be convicted of this offense."

The affidavits further show that neither of these witnesses had ever revealed this conversation to anyone until after the trial and conviction of appellant, from which this appeal is prosecuted. The testimony of the attorney who had charge of this case appears in the statement of facts showing that he never knew or heard of this

testimony until after the present conviction of appellant. It seems reasonable that neither of these ladies would care to be mixed up in the trial of this case and that it is entirely probable that they kept the matter secret for this reason. Considering the peculiar facts of this case the above testimony was highly material as tending to show directly that appellant was not the author of the physical condition in which the physicians found prosecutrix soon after her association with appellant. We regard the testimony of those who saw prosecutrix after her arrival home as the most cogent evidence of guilt found herein. This did not directly connect appellant with the offense, but it almost conclusively showed the commission of the offense of rape by someone. This newly discovered testimony therefore goes further than to merely impeach. It tends directly to prove the defensive issue in the case and to our minds the point presented is ruled by the case of Monroe v. State, 105 Tex. Crim. Rep. 543, and authorities therein cited. For other cases deemed analogous, see Lusty v. State, 261 S. W. 776; Foreman v. State, 61 Tex. Crim. Rep. 56; Tull v. State, 55 S. W. 61; Wright v. State, 1 S. W. (2nd) 1095. The connection of appellant with this offense is shown by evidence that to say the least is not in accordance with ordinary human experience and we feel like that both the law, as shown by the above cases, and common justice demand that appellant should have the benefit of the above testimony. We do not by what we here say intend to express the opinion that the evidence is insufficient in any particular. The credibility of this witness is a matter for the jury and not this Court, but we are not able to say that testimony of as vital character as that noted above might not change the result of the trial. This is the only law question shown in the record which we deem worthy of discussion.

For the error of the Court in overruling appellant's motion for new trial, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.