F. C. VOWELL V. STATE

No. 25560. December 5, 1951.

Hon. M. V. Ward, Judge Presiding.

*Carroll W. Smith,* El Paso, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $300.00.

No contention is made that the evidence is insufficient to support the conviction.

Appellant's two bills of exception deal with the failure of the court to grant his motion for a new trial based upon what is alleged to have transpired within the jury room.

It will be noted that to this motion is attached the affidavit of appellant stating that the matters set forth therein are true to the best of his knowledge and belief.

In Vyvial v. State, 111 Tex. Cr. R. 111, 10 S. W. (2d) 83, we held that where the matters complained of in the motion for new trial were necessarily hearsay as to appellant, such as matters transpiring within the jury room, that such a motion should be accompanied by an affidavit of one who has knowledge of such matters, or should name the source of appellant's information and belief, or should give some reason or excuse for failure to have either of the above.

To require less than the above, we said, would permit limitless fishing expeditions by all who have been convicted.

In Toms v. State, 150 Tex. Cr. R. 264 200 S. W. (2d) 174, we reaffirmed this rule and said:

"The motion shows that the same was verified by the attorney for appellant who states that the facts therein set out are true and correct to the best of his knowledge and belief. No affidavit from any of the jurors is attached to the motion nor is any reason assigned why such affidavit could not be obtained. It is quite obvious that the attorney for the appellant could not of his own knowledge have known what occurred in the jury room. He must necessarily have obtained such facts, if any, from some other person. Consequently, what is charged in the motion is based purely upon hearsay."

In Moore v. State, 155 Tex. Cr. Rep. 147, 232 S. W. (2d) 711, we held: "The trial court properly declined to permit examination of the jurors as to alleged misconduct in the jury room. The affidavit of appellant to the claimed acts was necessarily hearsay and insufficient to require such examination."

Recently, in Ramirez v. State, (Page 262 of this volume), 240 S. W. (2) 322, we had an opportunity to distinguish between jury misconduct which occurred within the jury room and that occurring outside.

In the case at bar, the trial court, irrespective of the defect

in the motion, proceeded to hear evidence from a number of the jurors. The motion before the court was insufficient as a pleading in that it was not supported by the requisite affidavit of a member of the jury, and, therefore, his action in overruling the same at any stage of the proceedings could not be assigned as error.

Finding no reversible error, the judgment of the trial court is affirmed.