RAOL VALDEZ v. STATE.

No. 25,780. March 26, 1952.
Rehearing Denied April 30, 1952.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion) May 28, 1952.

364

Hon. Alan R. Fraser, Judge Presiding.

H. O. Metcalf and Lucius D. Bunton, Marfa, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is statutory rape; the punishment, five years.

Prosecutrix testified that she was 16 years old on the day charged in the indictment; that she had known appellant since he had worked with her sister at a cleaning establishment; that she had been engaged to baby-sit by a Mrs. Boone; that Mrs. Boone returned home about midnight and told her that appellant was outside in the car and would take her home. Prosecutrix testified that when she got in the car appellant drove several miles out in the country; stopped the car; threw her on the ground; had intercourse with her for a while until an automobile passed, at which time he put her in the car and continued with the act. She testified that the experience hurt her, that he took her home, and some time later in the same night she reported the attack to her parents. Prosecutrix testified that this was the first time she had ever had an act of intercourse, and we note that she was not cross-examined in connection therewith.

Dr. Oswalt testified that he examined prosecutrix the following morning and found that she had had an act of intercourse within the last 24 hours. The doctor testified that he found her sexual part bruised and swollen. On the question of whether, in his opinion, the prosecutrix had ever had an act of intercourse prior to the one charged, the doctor testified:

"Q. Isn't it true, doctor, that you couldn't tell, by an exami-

nation such as the one you performed on Paula, whether or not she had had intercourse before, or how many times? A. I can't say that she had never had intercourse before, but she hadn't had very many intercourses. * * *

"Q. Isn't it true that Paula could have had intercourse before, within a recent time, before you examined her? A. I don't know.

"Q. She could have had it, couldn't she? A. From what I found, she had had intercourse within the last twenty-four hours.

"Q. But she could have had intercourse before that time, couldn't she? A. Not from what I found.

"Q. Didn't you testify awhile ago that you couldn't be sure? A. From the examination that I made, the only conclusion I could draw was that she had had intercourse.

"Q. Yes, A. And at the particular time I examined her, she had had intercourse within the past twelve to eighteen hours. Whether she had any before that eighteen hours, I can't say by examination because she had an injury that resulted in swelling of the parts of the hymen and labia of the vagina and I can't say whether she had had intercourse before that or not.
* * *

"Q. What you found, upon your examination of Paula Flores, is not usually present in a female who has had numerous acts of intercourse. Is that correct? A. That is right.
* * *

"Q. Mr. Crumpton asked you about a good many acts of intercourse, but she could have had one or two other acts of intercourse? Is that possible? A. It is possible."

We conclude from the above that the doctor testified that he could not say that she had never before had intercourse. This is not sufficient to raise the issue.

Appellant testified that he was 24 years old; that he had agreed to take prosecutrix home; that, instead of driving several miles into the country, as testified to by prosecutrix, he had driven to the city limits, where he turned and started making love to her. Appellant testified, "She did not say anything so I just went on. So she laid down. At that time it seemed to me like she knew, from her motions, that she knew everything about it. But we did not get out of the car as she mentioned."

Appellant, in a brilliant brief, presents two questions for review.

First is the failure of the trial court to charge the jury in

accordance with the last phrase of Article 1183 defining rape, as follows: "Provided that if she is 15 years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense." His contention is that the testimony of the appellant raised the issue of consent, and the testimony of both the appellant and Dr. Oswalt raised the issue of previous unchastity.

We do not feel that the testimony of the appellant raised the issue of unchastity.

Appellant next complains of jury misconduct.

The motion for new trial, which alleged jury misconduct, was sworn to by appellant.

We recently announced the rule in Vowell v. State, 156 Texas Cr. R. 493, 244 S. W. (2d) 214, where the trial court went ahead and heard evidence, even though the motion for new trial was not sworn to by a member of the jury, as was done here, and where the conduct complained of necessarily took place within the jury room, as in the case at bar, as follows:

"In the case at bar, the trial court, irrespective of the defect in the motion, proceeded to hear evidence from a number of the jurors. The motion before the court was insufficient as a pleading in that it was not supported by the requisite affidavit of a member of the jury, and, therefore, his action in overruling the same at any stage of the proceedings could not be assigned as error."

Appellant attempted to show his inability to secure the affidafit of a juror by producing one member thereof, who testified that he had refused to talk to counsel about the case after the trial. Only three jurors were called as witnesses at the hearing. We do not feel that the testimony that one of the jurors had refused to talk to counsel would take appellant's case out of the operation of the rule in the Vowell case, supra.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant bases his claim for rehearing in this case on the

statement that this court erred in holding that the testimony of appellant did not raise the issue of previous chastity. The evidence of appellant himself together with that of the physician, as detailed in the original opinion, is relied upon as a basis for the claim that the court should have given a requested charge on the effect of unchastity of a female in consent cases where the prosecutrix is between fifteen and eighteen years of age. It is said in the brief: "Perhaps, their testimony considered separately would not raise the issue, but their testimony considered together certainly raised a reasonable doubt in the jurors' minds."

It will not be necessary to review the testimony of the physician. It is very plain and clear that he gave no testimony in the least comforting to the position taken by appellant. He testified that there had been recent penetration. Beyond that he would not say. His failure to be able to reach any other conclusion is due to the fact that there was no evidence, either for or against the contention of unchastity, available to him based on the physical examination. He could not say yes or no.

We agree that the testimony of appellant without being considered with that of the physician is not sufficient to raise an issue for the jury. His statement that the prosecutrix did consent classified it as a consent case in which unchastity would be a defense, if proven. What he said about her conduct at the time was only that he judged from her motions that she knew what she was doing. Possibly she did, but that is no proof that she gained this knowledge from previous experience. It has no probative force and can only raise a suspicion in a receptive mind. It is worthy of no consideration before an unsuspecting jury as evidence.

In discussing the case of Wright v. State, 108 Tex. Cr. R. 118, 1 S.W. 2d 1095, reliance is had on the statement that this issue of fact may be raised "* * * by proof of circumstances as well as by direct evidence." This will be conceded. It must, however, be a circumstance having some probative force as evidence. It is further stated in that opinion: "A plea of not guilty puts her lack of chastity in issue." A plea of not guilty puts every possible defense in issue, but it does not furnish any evidence in behalf of any defensive matter. Certainly it could have no force in support of an affirmative defense such as that relied upon in this case.

Appellant's second claim for rehearing takes issue with the court's opinion on the question of the right under the pleading to have considered the evidence of misconduct of the jury in receiving other testimony after retiring to consider of their verdict. The motion then says: "In connection with this point, we most earnestly insist that this court has gone entirely too far recently in their holdings as to motions for new trial where jury misconduct is involved." This is followed by a discussion of the statute on the subject and the holdings of this court in the recent case of Vowell v. State, 156 Tex. Cr. R. 493, 244 S.W. 2d 214, which followed and discussed the case of Vyvial v. State, 111 Tex. Cr. R. 111, 10 S.W. 2d 83.

The question thus raised appeals especially to the writer. A discussion of the matter would be made if the facts of the instant case justified it. The statement relied upon was made by the foreman of the jury and is found in the motion for a new trial (Transcript, p. 20) in substance, as follows: "We must stop this sort of thing around here, there is too much of it going on and the best way to do it is to send Raul to the penitentiary. This is just a case involving a Mexican but if we don't stop it, the next case might happen to a white girl." This was in connection with the consideration of his application for a suspended sentence. It came after he was found guilty.

We cannot give this the dignity of evidence in the case before the jury. Jurors are men of intelligence. We cannot rob them of the power to reason. They have no discretion authorizing them to find one guilty without evidence to support their verdict. It is not within their discretion to find a man innocent when the evidence proves without question that he is guilty. On the matter of suspended sentence, however, it is a matter within their discretion when the question is legally before them. They have a right to consider whether or not they, as jurors, can afford to grant the benefits of the suspended sentence to any defendant in any case where it is submitted to them in the court's charge. The quoted language is nothing more than a statement of matters already in the minds of the jurors as a matter of common knowledge, according to the viewpoint of the foreman, and it seems to have been accepted unanimously. It brings no new fact to them and violates no rule, as we see it.

Appellant's motion for rehearing is overruled.