DEMPSEY J. BLACKWELL V. STATE

No. 27,413. February 16, 1955

*E. T. Miller* and *Archer & Hazelwood,* by *Branch T. Archer, Jr.,* Amarillo, for appellant.

*Leon Douglas,* Stat'es Attorney, Austin, for the state.

DICE, Judge.

The conviction is for statutory rape; the punishment, 35 years' confinement in the penitentiary.

The prosecuting witness, who was seventeen years of age on the date of the alleged offense, testified that on the night of May 4, 1954, she went with the appellant to a party in the city of Amarillo; that after the two left the party, appellant, instead of driving her home, began driving out on the Canyon Highway; that she repeatedly insisted that he take her home; that appellant became angry, slapped and cursed her, and said, "When you get ready to turn off, you tell me, and we will turn off the road"; that she was trying to think what to do and asked the appellant, "If we turn off the road, how long will we stay?" to which he replied, "Five minutes, and then I will take you home"; that appellant then turned off the highway and drove on a dirt road, stopped the car and said, "You know what could happen in five minutes? Either you cooperate with me or we are not going home." She replied, "I can't, I swore on the Bible I wouldn't have sexual intercourse with any boy until after I was married." Appellant then asked her if she was ready to die, put his arm around her head, and started pressing on her skull and told her to get in the back seat, which she refused to do; that he then pushed her down in the seat, sat on her chest and across her stomach and began hitting her in the face, and kept on saying that he was going to get something out of the glove compartment.

The prosecutrix testified that she was getting tired and talked appellant into letting her up on the promise to make love to him and that she did not mean to have sexual intercourse, but thought if she could get up she might get away; that appellant, while sitting underneath her, pulled her dress up and put his finger in her rectum and told her he was going to rip it to pieces if she did not have sexual intercourse with him; that she again refused and hit appellant three times with a shoe,

whereupon he started slapping her and hitting her on the chin, and with his finger still in her rectum pulled her down on the bottom of the seat and kept saying that he was going to get something out of the glove compartment and kill her; that when he began counting and reached the count of nine, she figured he was going to go ahead anyway, so she then consented to have sexual intercourse with him.

The prosecutrix testified that appellant had sexual intercourse with her and that his private part was in her body; that during such act he was hurting her and she told him she had reached her climax so that he would leave her alone; and that during the act, after she had decided that she had better change her tune or she wasn't going to get home and that there was no use in saying any more, she told him how much she enjoyed it and how much she thought of him.

The evidence shows that after the act of intercourse, appellant took the prosecutrix home; that upon her arrival she was hysterical and told her sister that appellant beat her and raped her, and that shortly thereafter she was carried to Dr. E. B. Lokey for examination.

Dr. Lokey in describing the examination testified that the prosecutrix had multiple bruises on the left chin and along the shoulder and left arm, and several bruises along the thighs and about the knees; that the vulva was matted with mucous material and secretions were taken from inside the hymenal ring, and upon examination contained a few dead spermatozoa; that the hymenal ring admitted two fingers for examination but with obvious pain to the patient.

On the question of penetration, the doctor gave the following testimony:

"Q. In order to break this down a little for we laymen—from your statement at this time, with regard to the finding of spermatozoa inside the vaginal area, would that or not indicate that intercourse had been had? A. One would have to assume that it had been. At least, a definite attempt had been made, for this spermatoza came from inside the hymenal ring.

"Q. Now, from that last statement, would that not denote that a penetration had been made? A. One would have to assume that it had been."

Appellant did not testify in his own behalf.

Appellant complains of the court's charge for failing to submit as a defense the provision of Article 1183, P.C., which provides as follows:

"* * * provided that if she is fifteen years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense."

Appellant insists that the testimony of the prosecutrix and Dr. Lokey raised both the issue of consent and prior unchaste character, and that such issue should have been submitted to the jury as a defense. It is appellant's position that the prosecutrix having testified that she consented to the act, that during the act she told appellant she had reached her climax and enjoyed it and how much she loved him, that she had been having dates with boys since she was fifteen years of age and had mixed a drink on the evening in question, together with the testimony of the doctor that her hymenal ring admitted two fingers, was sufficient to raise the issue.

Appellant relies upon the case of Wright v. State, 108 Texas Cr. R. 645, 1 S.W. 2d 1095, in support of his contention that the issue of prior chastity may be raised by circumstantial evidence, and that a plea of not guilty places in issue the prior chastity of the female.

In Valdez v. State, 157 Texas Cr. R. 363, 248 S.W. 2d 744, the court, in discussing the case of Wright v. State, supra, conceded that the issue of prior chastity may be raised by proof of circumstances as well as by direct evidence but stated that such circumstances must have some probative force as evidence, and in recognizing the rule that a plea of not guilty puts every possible defense in issue, stated that such plea does not furnish any evidence in behalf of any defensive matter.

We do not feel that the testimony and circumstances relied upon have any probative force as evidence of the prior unchastity of the prosecutrix. Her testimony shows that the statements made by her during the act of intercourse were made for the purpose of securing her release from the appellant's assault. The doctor, in stating that her hymenal ring admitted two fingers, testified that it was with obvious pain. This examination was made after her intercourse with the appellant and obviously she was not a virgin at such time. Although the prosecutrix used the word "consent" in her testimony, we think the facts abundantly support the conclusion that she meant that she submitted to the appellant's demands.

Appellant further complains of the court's charge for failing to instruct the jury on the law of the circumstantial evidence.

It is appellant's contention that there was no direct evidence of penetration and that such a charge should have been given on the issue.

With this contention we do not agree. The prosecutrix testified positively that appellant had sexual intercourse with her; that it hurt her and that his private part was in her body. Dr. Lokey, who examined her, testified that spermatozoa was found within the hymenal ring.

We conclude that such testimony constituted direct evidence that the appellant's private organ had penetrated the female organ of the prosecutrix and a charge on circumstantial evidence was not required.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.