**Leodis CALHOUN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43499.**

Court of Criminal Appeals of Texas.

March 17, 1971.

---

R. H. Stauffacher, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jimmy James, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of statutory rape. Trial was before the court, and the State waived the death penalty on a plea of not guilty. The sentence assessed 15 years confinement.

The appellant's one ground of error is the sufficiency of the evidence.

The prosecutrix testified that she was 12 years of age. On the night in question she awoke when someone started feeling her panties. A man then crawled to a trunk by the wall and stood up. She identified the man as appellant. She further testified she kicked her sister, Tony, and waked her. Appellant then said, "I want to f——," and asked how old she was. She told him 12. Appellant then came to bed and told her he had a gun and said he would kill her and got on top of her and put his private parts in her private parts and in her rectum. This testimony was developed on both direct and cross-examination. Further, she testified she was not the wife of appellant. She further testified that when her parents came up in a car, appellant got up and ran out the front door. The prosecutrix further testified that she knew appellant, as he worked with her

step-father and at one time had spent the night in their house.

The mother of the prosecutrix testified that appellant was on the front porch of the house when she arrived, and his pants were "unfastened." One of her children, Tony, shouted to her when she arrived, that "someone was on Debbie." There was only one door to the house. A brother and sister of the prosecutrix also testified that appellant was on the front porch when their mother arrived.

Her daughter, the prosecutrix, had an infection in the rectum a few days later. A doctor testified he examined the prosecutrix, her privates were not bruised or lacerated, and that any full penetration of the privates had not been made. He stated, however, that his findings in no wise preclude a partial penetration. He found matter between the vagina and rectum and the matter was sperm, but there was no sperm in the vaginal secretions.

A police chemist testified there were seminal stains and blood stains on panties and pajamas which he examined. These were shown by other witnesses to belong to prosecutrix.

Appellant testified that when he came to the house in question, two boys ran out. He went by the house to see the step-father of the prosecutrix, but he never entered the house.

His brother corroborated his testimony, but the trier of the facts resolved the evidence against the appellant.

The above evidence supports a conviction for statutory rape. Blackwell v. State, 161 Tex.Cr.R. 103, 275 S.W.2d 491; Campos v. State, 172 Tex.Cr.R. 179, 356 S.W.2d 317; Smith v. State, Tex.Cr.App., 437 S.W.2d 835; Oliver v. State, Tex.Cr.App., 414 S.W.2d 679; Art. 1183, Penal Code.

The judgment is affirmed.