Johnny Lee **HAMPTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–91–00866–CR.

Court of Appeals of Texas,
Houston (1st Dist.)

Oct. 8, 1992.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## ORDER

WILSON, Justice.

A jury found appellant guilty of murder and assessed punishment at 40–years confinement. In two points of error, appellant contends the trial court erred in ruling that a juror was incompetent to testify about alleged juror misconduct at a hearing on appellant's motion for new trial. Specifically, appellant contends that the trial court erred in not permitting testimony from a juror that during deliberations, the jury considered appellant's failure to testify, and the effect of parole law on appellant's sentence. We abate the appeal and remand to the trial court for a hearing on appellant's claim of jury misconduct contained within his motion for new trial.

The State contends that appellant's motion for new trial was insufficient as a pleading, and therefore, presents nothing to this Court for review. We address the State's contention first. Because the argument rests on the motion for new trial process, the sequence of events is critical.

Judgment was entered against appellant on September 19, 1991. On October 19, appellant filed his motion for new trial, which was supported by his counsel's affidavit. The affidavit described, in detail, two telephone conversations counsel averred occurred between himself and Annie Bundage, a juror at appellant's trial, on October 17 and 18. According to counsel's affidavit, Bundage told him she and the other 11 jurors all expressed the opinion during guilt/innocence deliberations that they would liked to have seen appellant testify. The affidavit related the jurors discussed appellant's failure to testify for around five minutes, and that Bundage personally felt it would have helped appellant, "at least a little bit," if he had testified. When asked about punishment deliberations, Bundage stated at least half the jurors discussed for 10 to 15 minutes how much time appellant would "actually serve" on a sentence of 40 years, coming to a consensus that 10 to 15 years would be a proper calculation. Their calculations were based on information the jurors had read in

the newspaper regarding how parole is determined.

Appellant's counsel tape recorded these conversations and attached a duplicate of the tapes to his motion. In his affidavit, counsel documented the procedure he followed in making the recordings and attested to their accuracy.

On November 15, the trial court held a hearing on appellant's motion for new trial. At the hearing, appellant called Bundage to testify about the jury misconduct. The trial court sustained the State's sole objection, on the basis of Texas Rules of Criminal Evidence 606(b),[1] to Bundage's testifying about the jury's deliberations. No mention was made by the State of appellant's pleadings as somehow deficient to raise the issue on motion for new trial.

Appellant then made an offer of proof, in which he stated Bundage would have testified about the jury's consideration of appellant's failure to testify, and its discussion of the effects of the parole law on appellant's sentence. Following appellant's proffer, and discussion of other points in his motion, the hearing was reset for November 21. On November 20, appellant's counsel obtained an affidavit from Bundage. On November 21, appellant's motion for new trial was denied, and Bundage's affidavit was admitted into the record for consideration on the motion for new trial.

In her affidavit, Bundage stated that all 12 jurors participated in a discussion of appellant's failure to testify. The jurors collectively concluded that appellant must have been trying to hide something by not testifying. Bundage said she had not made a decision in regard to appellant's guilt or innocence until the jury discussed his failure to testify. Following the discussion, however, she decided his election not to testify was "basically an admission of guilt." Bundage also said that if it had not been for the discussion of appellant's failure to testify, she would not have voted guilty, because "the State's witnesses were not very believable."

Bundage also stated in her affidavit that the jury discussed and calculated the actual time appellant would be incarcerated, based on another juror's assertion that appellant would serve between 28 and 30 days for each year of his sentence. Bundage said she and several other jurors accepted this statement as true, and this caused her to vote for a longer sentence.

■■■ Generally, where a motion for new trial alleges juror misconduct during deliberations, the motion should either be accompanied by an affidavit of one who has knowledge of the alleged misconduct, or should give some reason for failing to do so. *Dugard v. State*, 688 S.W.2d 524, 528 (Tex.Crim.App.1985). Another less recognized, but apparently still valid, practice is to attach an affidavit of some other person which describes the misconduct and names the sources of appellant's information and belief. *Vowell v. State*, 244 S.W.2d 214, 215 (Tex.Crim.App.1951); *see also Moore v. State*, 160 Tex.Crim. 642, 275 S.W.2d 673, 674 (1955). The policy underlying these rules is to discourage "fishing expeditions" in an effort to impeach a jury verdict.[2] *Dugard*, 688 S.W.2d at 529; *Vowell*, 244 S.W.2d at 215.

[T]o hold otherwise would authorize in every case the making of general indefinite motions for new trials upon information and belief without specific averment of fact or supporting affidavit, and in such form as that same would not support prosecutions for perjury, which would compel trial courts to order process for any and all parties that might be desired and to enable the parties thus

---

1. "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify as to any matter relevant to the validity of the verdict or indictment." Tex.R.Crim.Evid. 606(b).

2. We can also easily see a second reason for the necessity of a proper affidavit. A specific affidavit gives the State fair notice of a defendant's claims, affording the State the opportunity to prepare, and call other members of the jury to give rebuttal evidence.

convicted to go upon limitless fishing expeditions.

*Vyvial v. State,* 111 Tex.Crim. 111, 10 S.W.2d 83, 84–85 (1928).

■ Appellant's motion met the criterion set out in *Vowell.* The motion alleged specific facts, was accompanied by the sworn affidavit of his attorney naming Bundage as the source of his information, and attached audio tapes of his telephone conversations with her. Bundage was present and was called by appellant to testify at the motion hearing. Appellant's motion was not an attempt to undertake an indefinite or limitless "fishing expedition."

■ The State waived its pleading sufficiency argument when it failed to object to the motion on that ground at the trial level. TEX.R.APP.P. 52(a). We find appellant's motion to be sufficient upon which to conduct a hearing on the specific allegations of jury misconduct brought to the attention of the judge.

■ The test for admission of juror testimony at a hearing on a motion for new trial is whether the matter sought to be elicited is deemed by the trial court to be relevant to the validity of the verdict. *Buentello v. State,* 826 S.W.2d 610, 614 (Tex.Crim.App.1992).

■ In the present case, the matter sought to be elicited is the content of Bundage's testimony regarding the jury's misconduct. In *Buentello,* the Texas Court of Criminal Appeals held that a jury's consideration of parole law, as it applies to a particular defendant, is relevant to the validity of the verdict. *Buentello,* 826 S.W.2d at 616. Furthermore, the validity of the verdict is at issue when the jury considers an accused's decision not to testify. *Smith v. State,* 530 S.W.2d 827, 829–30 (Tex.Crim.App.1976); *Brown v. State,* 804 S.W.2d 566, 569 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

Therefore, because the jurors allegedly discussed both appellant's failure to testify and the effect of parole law on his sentence, we abate the appeal and remand for a hearing on the motion for new trial on the ground of juror misconduct. The hearing shall be conducted within 60 days, and a record thereof forwarded to this Court.