No. 04-99-00131-CR


Ernestina RODRIGUEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District Court, Bandera County, Texas


Trial Court No. 3050-98


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Concurring opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 7, 2001


ABATED AND REMANDED WITH INSTRUCTIONS

 Ernestina Rodriguez was convicted and sentenced to life in prison for the capital murder of
her two and a half month old baby by starvation. On appeal, Rodriguez complains that her trial
counsel's deficient performance violated her constitutional right to effective assistance of counsel.
Among Rodriguez's arguments is that although credible qualified medical testimony controverting
starvation as the cause of the baby's death was readily available, (1) her trial counsel "failed to
controvert, in any meaningful way, the State's medical expert testimony." In response, the State
argues Rodriguez's allegation of ineffective assistance must be rejected because it is not "firmly
founded in the record." Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rodriguez
counters that, if this is so, it is because the district court abused its discretion by failing to grant her
an evidentiary hearing on her motion for new trial. We agree and therefore abate this appeal and
remand the cause to the trial court for an evidentiary hearing on Rodriguez's motion for new trial.

Discussion


 Given its apparent availability, we are unable to discern any plausible trial strategy for failing
to introduce credible controverting expert testimony on the causation issue. However, because the
trial court did not conduct a hearing on Rodriguez's motion, we are without the benefit of trial
counsel's explanation. On this record, we are unwilling to hold the allegation of ineffective assistance
is "firmly founded" in the record. We must therefore determine whether the record should be
supplemented by a hearing on Rodriguez's motion for new trial.

 "[T]he right to a hearing on a motion for new trial is not truly an 'absolute right.'" Reyes v.
State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). "[A] hearing is not required when the matters
raised in the motion for new trial are subject to being determined from the record." Id. at 816. "On
the other hand, ..., in certain instances the trial judge abuses his discretion in failing to hold a hearing
on a motion for new trial that raises matters which are not determinable from the record." Id. "'[A]s
a prerequisite to obtaining a hearing' and 'as a matter of pleading,' motions for new trial [must] be
supported by affidavit, either of the accused or someone else specifically showing the truth of the
grounds of attack." Id. (quoting Hicks v. State, 75 Tex. Crim. 461, 171 S.W. 755, 763 (1914)).
Requiring an affidavit is designed "to limit the parameters of the hearing that is sought" and prevent
"limitless fishing expeditions." McIntire v. State, 698 S.W.2d 652, 659 (Tex. Crim. App. 1985);
Vyvial v. State, 111 Tex. Crim. 111, 10 S.W.2d 83, 84-85 (1928). 

 Rodriguez's verified motion for new trial plainly does not constitute a "fishing expedition."
Rather, it raises a particular matter not determinable from the record - trial counsel's deficient
performance in failing to investigate the causation issue adequately and, as a result, in failing to
controvert the State's expert medical testimony. In addition, the motion details the probable
testimony of the Chair of the Department of Human Ecology at the University of Texas at Austin,
Dr. Steven D. Clarke; and it attaches correspondence from Dr. Clarke to Rodriguez's appellate
counsel. In this correspondence, Dr. Clarke concludes that "[t]here is every possibility that
[Rodriguez's baby] died of ... an in-born error of metabolism" and that it is the opinion of his
colleague, Dr. Margarita Teran, a pediatrician from Mexico City, "that although the baby did not
grow from birth until death, the baby did maintain body weight which indicates that the child did not
likely die from starvation" and "the mom would not realize there might be a problem with the baby
until it was too late." (2)

 Citing Reyes, however, the State argues Dr. Clarke's unsworn correspondence is insufficient
to mandate a hearing. We agree. But the affidavit requirement - and the policies underlying it - are
met by the level of detail contained in Rodriguez's motion and its verification by her appellate
counsel. The verified motion plainly sets forth trial counsel's statements regarding his minimal efforts
to investigate the cause of death, appellate counsel's ease in locating and securing controverting
expert testimony, and Dr. Clarke's proposed testimony. Because Rodriguez's verified motion for new
trial raises a particular matter that cannot be determined by the record and upon which relief may be
granted, we hold Rodriguez's verified motion for new trial meets Reyes' requirements. See Redmond
v. State, 30 S.W.3d 692, 700 (Tex. App.-Beaumont 2000, no pet.) ("The judicially imposed
requirement of an affidavit or verification as a prerequisite for an evidentiary hearing on a motion for
new trial has existed throughout the various incarnations of the governing precept.") (emphasis
added); Belton v. State, 900 S.W.2d 886, 901 (Tex. App.-El Paso 1995, pet. ref'd) ("The Court has
consistently held that without verification or affidavit, a motion for new trial based on matters outside
the record is insufficient as a pleading.") (emphasis added) (citing Bearden v. State, 648 S.W.2d 688,
690 (Tex. Crim. App. 1983)). Cf. Alcott v. State, 26 S.W.3d 1, 4-5 (Tex. App.-Waco 1999, pet.
granted) (holding verified motion for new trial did not require a hearing because it "lacks sufficient
detail to put the trial court on notice that reasonable grounds for relief exist").

Conclusion


 Rodriguez's detailed and verified motion for new trial, coupled with Dr. Clarke's
correspondence and the affidavits attached to the motion, raise matters that cannot be determined
from the record and upon which she may be entitled to relief. A hearing is therefore necessary.
Accordingly, we abate this appeal and remand the cause to the trial court to conduct an evidentiary
hearing on Rodriguez's motion for new trial.


 Sarah B. Duncan, Justice

Publish


1.Shortly after sentencing, Rodriguez's trial counsel withdrew, and the trial court appointed Adrienne Urrutia
Zuflacht to represent Rodriguez on appeal. Within thirty days of her appointment, Zuflacht had investigated the
causation issue and, as detailed in Rodriguez's motion for new trial, secured the favorable opinions of two nutrition
experts. We take this opportunity to express our appreciation to Ms. Zuflacht for the two very helpful briefs she has
submitted to this court and for her overall performance, which exemplifies a lawyer's duty to "act with competence,
commitment and dedication to the interest of the client and with zeal in advocacy upon the client's behalf." Tex.
Disciplinary R. Prof'l Conduct 1.01, Comment 6, reprinted in Tex. Gov't Code, tit. 2, subtit. G app. A (1998)
(Tex. State Bar r. art. X, § 9).
2. That Dr. Clarke and Dr. Teran would in fact testify as stated in the motion is shown by their sworn testimony
in the subsequent suit seeking to terminate the parent-child relationships between Rodriguez and her three children.
We take judicial notice of this testimony, which is part of the appellate record in appeal number 04-99-00729-CV,
styled In the Interest of P.P. See Hawkins v. State, 613 S.W.2d 720, 722 n.4 (Tex. Crim. App.), cert. denied, 454 U.S.
919 (1981); Huffman v. State, 479 S.W.2d 62, 68 (Tex. Crim. App. 1972). In so doing, we recognize this testimony
was not before the trial court at the time Rodriguez filed her motion for new trial and thus cannot properly be
considered in determining whether the trial court erred in failing to conduct a hearing on Rodriguez's motion.