Opinion delivered June 9, 1886.

[No. 4003.]

## S. P. PEDERSON v. THE STATE.

AGGRAVATED ASSAULT—INFORMATION.—An assault becomes an aggravated assault, under subdivision 3, of Article 496, of the Penal Code, when the party charged goes *into* the house of a private family, or, being *in* the said house, commits an assault and *battery*. A mere assault, though committed inside of the house, is not an aggravated assault, under the statute referred to. See the opinion *in extenso* for an information *held* sufficient to charge a simple assault, but not an aggravated assault, and, therefore, insufficient to support a conviction for an aggravated assault. *Held*, further, that in expounding the law of aggravated assault, and in omitting to instruct the jury upon the law of simple assault, the charge of the court was erroneous.

APPEAL from the County Court of Bosque. Tried below before the Hon. R. G. Childress, County Judge.

The conviction in this case was based upon an information which attempted to charge the appellant with an aggravated assault upon one L. Rierson. The penalty imposed by the verdict was a fine of twenty-five dollars.

The opinion sufficiently discloses the case.

*J. N. Gillette*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It is charged in the information that one Herman Ars did assault one J. L. Rierson, at the house of the private family of said Rierson, and that the defendant Pederson was present at the time, and, knowing the unlawful intent of said Ars, did aid by acts, and encourage by words and gestures, the said Ars in the commission of said assault. The charge of the court instructed the jury that the defendant was upon trial under this information for the offense of aggravated assault, and proceeded to explain the law governing that offense. The issue of defendant's guilt of a simple assault was not submitted by the charge of the court. The jury found the defendant guilty, as charged in the information, and assessed the punishment at a fine of twenty-five dollars.

In our opinion the information does not charge an aggravated assault, but only a simple assault. An assault becomes aggravated "when the person committing the offense goes into the house of a private family, and is there guilty of an assault and battery." (Penal Code, Art. 496, subdiv. 3.) He must go *into* the house, or be *in* the house, and he must not only commit an *assault*, but a *battery* also. He may go into the house and commit an *assault*, but such assault is not aggravated under this subdivision of the article cited, unless he, at the same time and place, commits a *battery*. These are the plain words of the statute, and can not be so enlarged as to make a mere assault, committed in the house of a private family, an aggravated assault.

It will be further observed that the information does not charge that the assault was committed *in* the house, but *at* the house of Rierson. It might have been committed *at* the house, though outside of the house. To make it an aggravated assault the person committing it must have gone *in to* the house, and *there* committed it.

The charge of the court was not warranted by the allegations

in the information, and the conviction, which is for an offense not charged in the information, was in response to such erroneous charge. The information would support a conviction for a simple assault, but not for an aggravated assault.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*