SAM HAMILTON AND LUCY HAMILTON V. THE STATE.

No. 20825. Delivered February 7, 1940.

The opinion states the case.

*D. C. Bland,* of Orange, and *Xavier Christ,* of Port Arthur, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is aggravated assault; the punishment, a fine of $100 and 60 days in jail.

The prosecution proceeded under Subdivision 3 of Article 1147, P. C. We quote the article and subdivision as follows: "An assault or battery becomes aggravated when committed under any of the following circumstances: When the person committing the offense goes into the house of a private family and is there guilty of an assault and battery." The charging part of the indictment is as follows: "Sam Hamilton and Lucy Hamilton did then and there unlawfully go into the house of a private family, to-wit, the house of Inez Prestridge, and did then and there in and upon the said Inez Prestridge commit an aggravated assault." It is observed that it is not alleged in the indictment that the appellants committed a battery on Inez Prestridge. This court has held that in an indictment or complaint for aggravated assault committed in the house of a private family it should be averred that a battery was committed, as well as an assault, "in accordance with the express requirements of the statutory enactment specifying this ground of aggravation." In Pederson v. State, 21 Tex. Cr. R. 485, the court said: "He must go into the house, or be in the house, and he must not only commit an assault, but a battery also." We quote from 4 Texas Jurisprudence, page 895, as follows:

"An indictment or information for aggravated assault or aggravated assault and battery should ordinarily charge, first, the assault, with all necessary particularity as to time, place and circumstances, and secondly, * * * the particular ground or circumstances of aggravation intended to be relied upon, and which may be one of the various grounds of aggravation set forth in the statute (Pen. Code 1925, art. 1147)."

We quote further from 4 Texas Jurisprudence, page 896, as follows:

"The decisions holding that an indictment for aggravated assault must charge that offense in terms do not necessarily mean that the term 'aggravated assault' must be specifically employed. However, in order that the accused may be apprised of what he will have to meet on the trial, it is necessary to charge the circumstances of aggravation, that is, some of the particular acts or circumstances which are necessary to constitute the offense of aggravated assault. It is necessary that the circumstances of aggravation so charged amount to technical grounds of aggravation; anything less will not suffice. Merely charging that the assault and battery was aggravated is not enough."

In the present case one of the grounds of aggravation under

the subdivision of Article 1147 we are now considering is the commission of a battery. An averment that the assault was aggravated is not in our opinion tantamount to an allegation that a battery was committed.

It follows from what we have said that we are constrained to order a dismissal of the prosecution.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.