### CLARA GREGG V. THE STATE.

No. 23354. Delivered May 22, 1946.

The opinion states the case.

*William C. McDonald,* of San Angelo, and *Ennis Favors,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in the county court of Tom Green County of an aggravated assault, and fined the sum of $75.00, and she appeals.

The complaint and information herein charge that "Clara Gregg did then and there unlawfully go into the house of a private family, to-wit, the house of J. P. Carroll and wife, Mrs.

Hazel Carroll, and did then and there in and upon the said Mrs. Hazel Carroll commit an aggravated assault, against the peace and dignity of the State."

It is claimed that this allegation is insufficient in law in that the same does not go further and also allege a battery to have been committed by the appellant. This prosecution is based upon Art. 1147, Sec. 3, of the Penal Code, which reads as follows:

"An assault or battery becomes aggravated when committed under any of the following circumstances: * * *

"(3) When the person committing the offense goes into the house of a private family and is there guilty of an assault and battery."

It will be noted that the pleadings of the State in this case omit to charge a battery to have been committed by appellant in such house.

We held in a case with similar facts, Hamilton v. State, 136 S. W. (2d) 858, as follows:

"This court has held that in an indictment or complaint for aggravated assault committed in the house of a private family it should be averred that a battery was committed, as well as an assault, in accordance with the express requirements of the statutory enactment specifying this ground of aggravation. In Pederson v. State, 21 Tex. App. 485, 1 S. W. 521, the court said: 'He must go into the house, or be in the house; and he must not only commit an assault, but a battery also.' " See also 4 Tex. Jur. 896.

We think the complaint and information herein fail to charge an offense. Our State's Attorney confesses error herein.

Under the present pleading the defendant cannot be again tried for aggravated assault.

The judgment is reversed and remanded.