SAM BARNETT V. STATE

No. 27,183. November 17, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 12, 1955

*Cunningham, Cole & Southerland,* by *H. A. Cunningham,* Bonham, for appellant.

*Albert L. Bartley, Jr.*, County Attorney, and *Kellis W. Sampson*, Assistant County Attorney, Bonham, and *Wesley Dice*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for aggravated assault by an adult male upon a female; the punishment, a fine of $150 and six months in jail.

In his brief, the appellant correctly asserts that the sole question presented for review relates to the action of the trial court in overruling his amended motion for new trial based upon newly discovered evidence.

The motion for new trial, as it appears in this record, was not sworn to by appellant or his attorneys. There was attached to the motion the affidavit of the alleged newly discovered witness.

A motion for new trial because of newly discovered evidence must be sworn to. Authorities attesting the rule stated are replete and will be found collated under Art. 756, Vernon's C. C. P., among which is that of Cartwright v. State, 158 Texas Cr. R. 344, 255 S.W. 2d 878, where the rule was applied notwithstanding the affidavit of the alleged newly discovered witness was attached to the unsworn motion.

The fact that the trial court, as here, heard evidence upon the motion does not relieve the defect, as the motion must be sufficient as a pleading to present the question. Vowell v. State, 156 Texas Cr. R. 493, 244 S.W. 2d 214.

The question of newly discovered evidence was not before the trial court.

No error appearing, the judgment is affirmed.

Opinion approved by the court.