DOROTHY THOMAS v. STATE.

No. 29,845. June 25, 1958.
Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) October 22, 1958.

*Richard D. Bird,* Childress, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Upon a trial before the court without a jury, under a plea of guilty, appellant was convicted of the offense of unlawfully possessing intoxicating liquor for the purpose of sale in a dry area and her punishment assessed at 6 months in jail and a fine of $750.00.

No statement of facts of the evidence adduced upon the main trial accompanies the record.

Appellant's sole contention, which is presented by Bill of Exception No. One, is that the trial court erred in overruling her motion for new trial.

The motion alleges as ground for new trial that in assessing punishment in the case the trial court considered his own personal knowledge of prior misconduct of the appellant which was not otherwise in evidence; that the court made an independent and ex parte investigation of prior acts of misconduct of the appellant and permitted the county attorney and sheriff to report to him relative to prior convictions which appellant had received.

The motion was not sworn to or supported by the affidavit of appellant or any other person.

The unverified motion is insufficient as a pleading and the exception to the overruling thereof cannot be considered. Barnett v. State, 160 Texas Cr. Rep. 622, 273 S.W. 2d 878; Reynolds v. State, 162 Texas Cr. Rep. 143, 276 S.W. 279 and Williams v. State, 164 Texas Cr. Rep. 137, 296 S.W. 2d 781. The fact that the trial court heard evidence upon the motion did not relieve the defect, as the motion must be sufficient as a pleading to present the question. Vowell v. State, 156 Texas Cr. Rep. 493, 244 S.W. 2d 214 and Barnett v. State, supra.

The judgment of the trial court is affirmed.

Opinion approved by the Court.