## PATTERSON *v.* STATE

[No. 95, September Term, 1961.]

*Decided December 8, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and SYBERT, JJ.

*Donald P. Roman* for appellant.

*Robert C. Murphy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City* and *Russell I. White, Assistant State's Attorney,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Elbert H. Patterson, and a co-defendant, Sherman Tillery, were arrested after police, who had stopped

their car for another reason, found a pistol under the front seat. A police sergeant testified that he questioned them separately and that both told similar stories about procuring the pistol and car as part of a plan to hold up a liquor store in Washington, D. C. Both were charged under a three count indictment with (i) carrying a deadly weapon concealed on or about their persons, (ii) carrying openly a deadly weapon with intent to injure, and (iii) carrying a deadly weapon (pistol) in an automobile, not their place of abode or fixed place of business. The first two counts charged violation of Art. 27, § 36, Code (1957), and the third, violation of Art. 24, § 48, Baltimore City Code (1950). At arraignment Tillery pleaded guilty but appellant pleaded not guilty and elected a court trial. The judge advised appellant of his right to obtain counsel but refused to appoint one for him. Eight days later he was tried without counsel. The trial court returned a general verdict of guilty and sentenced him to two years' imprisonment. On this appeal the appellant complains: (1) that the failure to appoint counsel violated his constitutional rights under Art. 21, Maryland Declaration of Rights, and also failed to constitute due process of law under the 14th Amendment to the federal Constitution; (2) that there was error in finding a general verdict of guilty on the indictment in that the counts were inconsistent and the evidence was insufficient to support the verdict.

## (1)

The trial judge based refusal to appoint counsel on the ground that the charges involved were not serious, within the meaning of Maryland Rule 723 b, which provides that unless a defendant elects to proceed without counsel the court shall assign counsel in all capital or other serious cases. As was pointed out in *Edwardsen v. State,* 220 Md. 82, 90 (1959), "We have not yet determined, categorically, what is meant by a 'serious' case. * * * But we have indicated that the nature of the offense, the extent of the potential penalty, and the complexity of the case, are factors to be considered." In the case at hand, the nature of the offense was not complex, the maximum potential penalty under any count was two

years' imprisonment, and the case was simple and easily understood. The record discloses that appellant is 32 years of age, of at least average intelligence, and no stranger to criminal proceedings, having previously been convicted of armed robbery and larceny. In addition, there is no showing that appellant requested the appointment of counsel or that he was indigent. He testified at the trial that he had been continuously employed seven days a week for six months immediately prior to his arrest. He had ample time to employ counsel.

Appellant maintains, however, that due process required the assignment of counsel since, for want of counsel, an element of unfairness arose in his trial. He was convicted, he says, chiefly on the basis of admissions made out of his presence by Tillery to the police and admitted into evidence by the trial court. The record fails to support this contention. The trial judge clearly stated twice that the testimony regarding Tillery's statement could not be considered as evidence against the appellant, and struck it out. We must assume that the court did not consider it in coming to its verdict against the appellant. Cf. *Moyer v. State,* 225 Md. 156 (1961). A further contention that the trial court necessarily considered Tillery's statement as evidence against appellant since the police sergeant testified, regarding appellant's admissions, that he "stated the same facts" as Tillery, is likewise without merit. The sergeant went on to relate enough of the actual statement given by appellant to substantiate a finding by the trial court that the appellant had furnished the car and had full knowledge that Tillery had possession (in the car) of the weapon procured in anticipation of the proposed robbery. We find no denial of any constitutional right.

## (2)

The alleged inconsistency in the first two counts of the indictment is the basis of the contention that the trial court erred in finding a general verdict of guilty. However, even if we assume such inconsistency, it is manifest that no prejudice resulted from the general verdict, since the two year sentence imposed was within the maximum permitted under either of the first two counts. *Nelson v. State,* 224 Md. 374 (1961).

The contention that the evidence was not sufficient to sustain a conviction is unsustainable. While both appellant and Tillery denied making statements to the police, the trial judge had the right to believe the testimony of the police sergeant in this regard. The credibility of witnesses is primarily a question for the trial court and its determination of the facts will be disturbed by us only when clearly erroneous. Maryland Rule 741 c; *Burley v. State,* 226 Md. 94 (1961). That is not the case here.

*Judgment affirmed.*