**George PIZZITOLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36107.

Court of Criminal Appeals of Texas.

Nov. 20, 1963.

Rehearing Denied Jan. 22, 1964.

See also 372 S.W.2d 676.

'William H. Scott, Sr., William H. Scott, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and James C. Brough, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., of Austin, for the State.

McDONALD, Judge.

Appellant was charged by separate complaint and information, with two misde-

meanor offenses, and by agreement of the parties was tried before the court at one time. In Cause No. 36,107, the case under consideration at this time, he was convicted of aggravated assault, a misdemeanor, and assessed the punishment of 90 days confinement in jail.

■ The cause is before this court without a statement of facts of the evidence adduced on the trial, and consequently, the sufficiency of the evidence is not before this court.

■ There is no verified pleading to support proof of denial of counsel, and exception to overruling of an unverified motion for new trial cannot be considered on appeal even though the trial court heard evidence thereon. Thomas v. State, 166 Tex.Cr.R. 584, 316 S.W.2d 741; Barnett v. State, 160 Tex.Cr.R. 622, 273 S.W.2d 878.

Appellant was represented by counsel, as a matter of record, from March 4, 1963, when his first amended motion for new trial signed by his attorney, was filed. This was 32 days before notice of appeal was given on April 5, 1963. A formal bill of exception could have been filed within 90 days from the date notice of appeal was given. Article 760d, Vernon's Texas C.C.P.

■ This court is thus left with nothing to consider relative to the trial court's denial of appellant's motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

The appellant urges that we were in error in holding that his claim of fundamental error in deprivation of counsel was not before us for review. We do not agree.

It is true that a denial of due process may be raised and urged by collateral attack after final conviction, as was done in Alcorta v. State of Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9. This does not alter the fact that appeals from convictions are to be decided upon the record from the trial court under the procedure provided by the statutes of this state.

In addition to the statutes referred to in our original opinion, we direct attention to Arts. 753 and 754 Vernon's Ann.C.C.P., which read in part:

"New trials, in cases of felony, shall be granted for the following causes, and for no other:

"1. Where the defendant has been tried in his absence, or has been denied counsel." (Art. 753)

"New trials in misdemeanor cases may be granted for any cause specified in the preceding article, *except* that contained in subdivision one of said article." (Art. 754)

■ Under these statutes the trial court did not err in overruling the motion for new trial based upon lack of counsel, this being a misdemeanor case.

■ In the light of the serious contention that lack of counsel to represent an indigent defendant in a misdemeanor case is a denial of a fundamental right under the Fourteenth Amendment of the United States Constitution which may be raised after conviction, we will discuss the appellant's claim of denial of due process.

The appellant, on motion for new trial, testified that he had been on bond for three months preceding the date of trial; that his mother was his bondsman; that he never called an attorney while on bond, made no request to the trial court to appoint counsel, and did not inform the trial court that he was unable to employ counsel. In addition, the record reveals that appellant was represented by counsel of his own choice on his motion for new trial and on appeal in the case at bar.

The appellant urges that the recent case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, is applicable to the instant case. We do not construe such case to embrace the misdemeanor case at bar. This is especially so in view of the foregoing facts and circumstances. Such being the case, no denial of a constitutional right to counsel is shown.

Appellant's motion for rehearing is over-ruled.

## MORRISON, Judge (Dissenting).

Since the rendition of our original opinion, my attention has been called to several cases which hold that the failure to appoint counsel for an indigent accused charged with a misdemeanor (which provides as punishment confinement in jail) raises a constitutional question. I would favor following the reasoning of the Fifth Circuit Court of Appeals in Glenn v. United States, 303 F.2d 536, wherein they said, "The public is not obliged to furnish free legal help for a defendant who is earning sufficient income to provide his own", but find that in the case at bar appellant testified that he was unable to employ counsel, that he had been unemployed from the time he made bond until the trial and that when he was able to gain employment, it was "relief work" on "the boats". The State offered no evidence in rebuttal.

The Supreme Court of Indiana as early as 1951 in Bolkovac v. State, 229 Ind. 294, 98 N.E.2d 250, recognized such rule and reversed a misdemeanor conviction where the punishment had been assessed at 180 days confinement in jail on the grounds that the accused had been deprived of a right to counsel. The court based their opinion upon their State and the Federal Constitutions, even though they recognized that the Supreme Court of the United States had not at that time passed upon the question of the constitutional necessity of appointment of counsel for an indigent accused in a case where the possible punishment was confinement in jail.

The question was before the Appellate Department, Superior Court of California, during the following year in People v. Agnew, 114 Cal.App.2d Supp. 841, 250 P.2d 369, and the Court based their opinion on the Federal Constitution and held that there was no distinction between misdemeanors and felonies as to the right to have counsel appointed.

The question was also before the Supreme Court of Maryland in 1961 in Patterson v. State of Maryland, 227 Md. 194, 175 A.2d 746. In that case the Court held no reversible error was reflected by the court's refusal to appoint counsel in a misdemeanor case where the punishment was by confinement. When the Patterson case reached the Supreme Court of the United States by writ of certiorari (Patterson v. Warden, Maryland Penitentiary, 372 U.S. 776, 83 S.Ct. 1103, 10 L.Ed.2d 137, the judgment was vacated and the case remanded to the Supreme Court of Maryland for further consideration in the light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Upon remand, the Supreme Court of Maryland reversed the conviction (231 Md. 509, 191 A.2d 237).

The majority relies upon waiver and failure to request the appointment of counsel in affirming this conviction. The Supreme Court of the United States struck a death knell to such reasoning in the recent case of Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, wherein they said "that when the Constitution grants protection against criminal proceedings without the assistance of counsel, counsel must be furnished 'whether or not the accused requested the appointment of counsel. Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 441, 69 S.Ct. 184, 185, 93 L.Ed. 127.'" The court further stated that "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

In view of the above, I can bring myself to no other conclusion but the appointment of counsel for indigent accused in misdemeanor cases where the possible punishment is confinement in jail is mandatory under the Federal Constitution as interpreted by the Supreme Court of the United States.

I respectfully dissent to the overruling of appellant's motion for rehearing.