Chester TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 36336.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Billy C. Powell, J. Robert Harris, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is aggravated assault (Art. 1147, Sec. 3, Vernon's Ann.P.C.); the punishment, one year in jail.

The complaint and information alleged that the appellant did go into the house of a private family and did then and there commit an aggravated assault and battery upon Kenneth Taylor.

■ . The statement of facts found in the record relates to a hearing on a motion of the appellant, not to the trial before the jury.

The only motions found in the transcript are a motion and first amended motion for new trial, the only ground being "that the judgment of the court is contrary to the law and evidence in said cause." Neither motion is verified.

In this state of the record the contention that the appellant was denied due process of law by the failure of the court to appoint an attorney to represent him at his trial cannot be appraised. Thomas v. State, 166 Tex.Cr.R. 584, 316 S.W.2d 741; Barnett v. State, 160 Tex.Cr.R. 622, 273 S.W.2d 878; Pizzitola v. State, Tex.Cr.App., 374 S.W. 2d 446.

The remaining ground upon which reversal is sought is a claimed fundamental error in the charge which would authorize a conviction though only an assault was committed in the house, whereas an assault without a battery would not constitute an aggravated assault. Art. 1147, Sec. 3, V.A. P.C.; Hamilton v. State, 138 Tex.Cr.R. 205, 136 S.W.2d 858; Pederson v. State, 21 Tex.App. 485, 1 S.W. 521.

Whether such error in the charge (to which no exception was taken) was calculated to injure the rights of the appellant would depend upon the evidence.

The complaint and information properly alleged the offense and charged a battery as well as an assault.

■■ In the absence of a statement of facts the claim of fundamental error in the charge must be considered upon the assumption that a battery was committed. Under Art. 666 C.C.P. the error is not ground for reversal. See Layman v. State, 126 Tex.Cr.R. 533, 73 S.W.2d 97.

The judgment is affirmed.