James **MOREHEAD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38397.

Court of Criminal Appeals of Texas.

June 23, 1965.

Rehearing Denied Oct. 20, 1965.

H. M. Hood, Borger, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of amphetamine, a dangerous drug; the punishment, a fine of $1500.00.

Officer Griffin testified that on the day in question he approached appellant, with whom he had prior contact, at his fruit stand in the city of Dumas, and told him that he would like to buy some pills; whereupon, appellant delivered to him 30 pills for which he paid appellant the sum of $5.50. Appellant was then arrested.

Deputy Sheriff Myrick testified that he was present at the Sheriff's Office when Officer Griffin brought the appellant in and that Officer Griffin delivered to him certain pills, which he in turn mailed to the Department of Public Safety Laboratory in Austin in a package bearing the box number of the Sheriff's Office as the return address.

Chemist Smith of the Department of Public Safety testified that shortly after the day in question he received by U. S. Mail a package with a return address indicating that it came from the Sheriff's Office at Dumas, that he made a chemical analysis of two of the 30 pills contained in such package and determined that they contained a drug commonly known as amphetamine, and that all the pills were similar in appearance and bore the same manufacturer's mark.

■ Appellant did not testify or offer any evidence in his own behalf, and we find the evidence sufficient to support the conviction.

■ We shall discuss the questions of law raised by brief and in argument. His first contention is that the court erred in not instructing the jury to acquit because Officer Griffin was shown by the evidence, as a matter of law, to have entrapped appellant into committing the offense charged. The court in a full charge on the issue of entrapment instructed the jury to acquit if they found that Griffin induced appellant to commit the offense. While there could conceivably have been some question as to entrapment had the charge been for selling amphetamine, we are at a complete loss to see how such a defense could have under these facts been raised to appellant's possession of the drug which was already in his possession prior to the officer's arrival at the fruit stand.

■ The next question relates to alleged jury misconduct. His motion for new trial was supported by the affidavit of jurywoman Grooms, wherein she states that during their deliberations Foreman Barton told her after she had voted not guilty that she should not consider the question of entrapment because appellant was charged only with possession. At the hearing she and the foreman testified to practically the same matters. Barton explained in his statement to the jury that the defense of entrapment did not apply since this was not a case of sale. We see no error in the statement as has been demonstrated above.

■ A juror is not permitted to impeach his verdict by showing the reason for his vote. Anaya v. State, 167 Tex.Cr.R. 509, 321 S.W.2d 585.

Finding no reversible error appearing, the judgment is affirmed.