**Ex parte Margie L. RUCKMAN and V. L. Ruckman, Jr.**

**No. 38484.**

Court of Criminal Appeals of Texas.

June 26, 1965.

Tom Upchurch, Jr., Amarillo, for petitioner.

Dee D. Miller, Dist. Atty., Patrick H. Mulloy, Jr., Asst. Dist. Atty., Amarillo, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

This is a collateral attack upon the convictions of the relators upon their pleas of guilty before the court, in County Court at Law of Potter County, on March 16, 1965 with punishment assessed against V. L. Ruckman, Jr. at 2 years in jail and a fine of $100 and against his wife Margie at 1 year in jail and a fine of $100.

No appeal was attempted or perfected and the record of the trial in County Court at Law is not before us.

On May 17, 1965, a petition for writ of habeas corpus sworn to by relators was filed in the 47th District Court. A hearing was had. Transcript of the evidence adduced at said hearing is before us, as is the petition and certified copies of the complaint, information and judgment of conviction in County Court at Law.

Relators gave notice of appeal from the order overruling their application for habeas corpus. No such order and no order of the District Judge from which an appeal lies to this Court is found in the record.

Following the hearing an original application for writ of habeas corpus was presented to this Court. This petition was filed with the transcript from the District Court and the case was docketed as an original petition to this Court.

The application presented to the District Court, sworn to by relators, averred in part:

"The County Attorney advised the Petitioners that the State law made no provisions for counsel or the appointment of counsel in misdemeanor cases. *Petitioners were without funds with which to hire counsel. Although this is not a case wherein Petitioners were not told of their right to counsel, Petitioners at no time consciously waived their right to counsel. Petitioners thus entered pleas of guilty without the assistance of counsel.* Petitioners received serious punishment; fines and jail terms of one year and two years respectively. Petitioners are husband and wife and are incarcerated in the same county jail."

■ Relators' sworn allegation that "this is not a case wherein Petitioners were not told of their right to counsel" is alone sufficient to distinguish this case from Harvey v. State of Mississippi, 5 Cir., 340 F.2d 263, which held:

"The failure of notice to Harvey of his right to the assistance of counsel invalidated his guilty plea and rendered his conviction and incarceration constitutionally improper. We therefore reverse the judgment of the trial court and remand the case for the entry of judgment ordering the release of the appellant from custody on the present conviction and sentence."

The question of indigency was not in Harvey v. State of Mississippi and is not relied upon in the application for writ of habeas corpus which relators presented to this Court after the hearing in the District Court. The reason no doubt is that the evidence at such hearing does not sustain the claim that relators were unable to employ counsel.

The cases are easily distinguishable.

Harvey was a Negro farmer who had never gone to school and was unable to read and write other than to write his own name. He went to the home of the judge some 10 days before court day and the judge accepted his plea of guilty to "Possession of whiskey". He asked what his

fine would be and the judge told him that he wanted to investigate the case further and would let him know the regular court day "what his fine would be. And he left and that's the last time I saw Clyde Harvey."

Attorneys who interested themselves in Harvey's behalf contacted the judge prior to court day and were told that Harvey had pleaded guilty to possession of whiskey and that he had not decided how much the fine would be; that he wanted to investigate it to determine whether Harvey was a bootlegger or "a fellow who just drinks".

The attorneys appeared on court day and told the judge they were there in behalf of Harvey. They were informed by the judge that Harvey "had already pleaded guilty to the charge and all I lacked was sentencing. And they wanted to know what the fine was going to be and I told them to contact me that night and I would tell them. So one of them called me from Jackson and wanted to know had I decided. I told them I had and told them what the fine would be then."

Harvey had no knowledge that the judge had entered judgment or sentence upon his finding that he was a bootlegger and his plea of guilty to "possession of whiskey" until he was arrested more than 40 days after the entry of the sentence, which was too late for him to appeal.

Relators made their pleas in open court. They first pleaded not guilty and the case was set down for trial. After consulting with Attorney Upchurch and with the Assistant County Attorney, relators appeared before the court, pleaded guilty and received the punishment they had been told would be recommended by the Assistant County Attorney.

There was also evidence adduced at the hearing that prior to entering their pleas relators had represented to the Assistant County Attorney that they had employed Attorney Upchurch to represent them and that Mr. Upchurch said he had not been paid and that it would be all right for the Assistant County Attorney to talk to them.

Relevant also upon the question of the court's failure to ritually inform relators that they were entitled to the advice and assistance of counsel prior to accepting their guilty pleas is the previous record and experience of relators as defendants in similar criminal cases. Relator V. L. Ruckman, Jr. had pleaded guilty before the same trial judge some two years before and had been charged in other cases in Colorado and Kansas. Relator Margie Ruckman had appeared before the same trial judge on four prior occasions and had served a 30 day jail term assessed against her in February 1964. She had also received a six months suspended term in Wichita, Kansas. All of the prosecutions mentioned, like the convictions attacked, involved bad checks.

The check or draft for the drawing of which relators were convicted on their pleas of guilty on March 16, 1965 was one of a number of bad checks in the hands of the County Attorney, the total amount of such checks being some $1500.

Harvey pleaded guilty to the "Possession of whiskey". He was assessed a jail term as well as a fine in his absence, upon a "finding" by the judge through his investigation rather than upon evidence. His time for appeal had elapsed before he had any notice that a jail term had been assessed.

Relators pleaded guilty in open court with full knowledge that the jail term which was assessed would be recommended.

There is no showing in the record that the time for filing motion for new trial and for giving notice of appeal had expired when Attorney Upchurch accepted employment to represent relators.

It is clear from the facts set out in the opinion in Harvey v. State of Mississippi that Harvey was denied due process of law. It is equally clear that relators were not.

Relators' application for writ of habeas corpus is denied.

 That relators may not be denied the right to assert their claim of denial of a constitutional right in the Federal Court during the constitutional recess of this Court, no motion for rehearing herein will be entertained and mandate shall issue.