**Dorothy BRADEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 38399–38402.**

Court of Criminal Appeals of Texas.

Nov. 3, 1965.

James F. Fanning, Comanche, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

In three of the above styled causes this appellant was charged with the unlawful sale of whiskey in a dry area and in one she was charged with the unlawful possession of whiskey in a dry area. In each case the punishment is a fine of $200.00. The permissible punishment for each of such offenses is imprisonment in jail.

The statement of facts and bills of exception reflect that after her arrest appellant. was taken before the court where she entered a plea of not guilty to the offenses charged. Shortly thereafter she was taken to a private room by the arresting officer and was brought back before the court a few minutes later at which time she plead guilty. Appellant was neither represented by counsel prior to nor at the time of the entry of her plea of guilty in each of the above cases on March 25, 1965, nor was she advised of her right to be represented by counsel. The bill certifying indigency is not qualified.

Appellant relies upon the writer's dissent in Pizzitola v. State, Tex.Cr.App., 374 S.W. 2d 446, and upon Harvey v. State of Mississippi, 5 Cir., 340 F.2d 263.

Since the rendition of the majority opinion in Pizzitola v. State, supra, this Court has in Ex parte Ruckman, and Ruckman, Tex.Cr.App., 392 S.W.2d 136, recognized the soundness of the holding of the Fifth Circuit Court of Appeals in Harvey v. State of Mississippi, supra, when we quoted therefrom as follows:

"The failure of notice to Harvey of his right to the assistance of counsel invalidated his guilty plea and rendered his conviction and incarceration constitutionally improper. We therefore reverse the judgment of the trial court and remand the case for the entry of judgment ordering the release of the appellant from custody on the present conviction and sentence."

For the failure of the court to inform this appellant of her right to be represented by counsel prior to her plea of guilty, the judgment in each case is reversed and the causes are remanded.

WOODLEY, Judge (dissenting).

The majority opinion confuses the right to be represented by counsel, the right to have counsel appointed or furnished to an accused unable to employ or obtain counsel because of indigency, and the requirement under the facts before the Court in Harvey v. State of Mississippi, 340 F.2d 263, under which the Fifth Circuit Court held that the failure of notice to Harvey of his right to the assistance of counsel rendered his incarceration constitutionally improper.

There was no question of indigency in Harvey v. State of Mississippi. It is clear to the writer that had a fine been assessed, (which Harvey expected and believed to be the only punishment for the offense to which he pleaded guilty) the conviction would not have been set aside for the reason quoted in the majority opinion.

It is also clear to the writer that Harvey v. State of Mississippi does not require that the judge inform the defendant of his right to the assistance of counsel. So long as the defendant has notice or knows of this right it is immaterial whether he is so informed by the trial judge himself. It is not a matter of ritual, but of notice or knowledge.

Pizzitola v. State, Tex.Cr.App., 374 S.W. 2d 446, cited in the majority opinion, relates

to the lack of counsel to represent an indigent defendant in a misdemeanor case as denial of a fundamental right under the Supreme Court's decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799.

If it be the intention of the majority to overrule this decision they should so state. It is the view of the writer that the quoted holding in Harvey v. State of Mississippi, supra, does not require or warrant such action.

As to Ex Parte Ruckman and Ruckman, Tex.Cr.App., 392 S.W.2d 136, the opinion clearly shows that it "is not a case wherein Petitioners were not told of their right to counsel."

There is no allegation or proof that appellant was not aware of her right to be represented by counsel before she pleaded guilty.

I respectfully dissent.