Emilio G. GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 38944.

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

 

Juror Weakley stated that in reaching her decision on the verdict she could not help considering the testimony regarding the extraneous offense, in spite of the court's admonitory instruction to disregard such. There is nothing in the record remotely indicating that a discussion of the extraneous offense took place in the jury room.

 It has been the consistent holding of this Court that a juror will not be permitted to impeach or explain his or her verdict by showing the reason for the conclusion reached. Anaya v. State, 167 Tex. Cr.R. 509, 321 S.W.2d 585. Bryant v. State, 159 Tex.Cr.R. 98, 261 S.W.2d 728. Therefore the reason alleged for the juror's returning a verdict of guilty against the appellant would not entitle appellant to a new trial, and the trial court did not abuse his discretion in refusing to grant the same.

The judgment is affirmed.

Henry Beltran, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Clarence V. Lyons, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault on an officer; the punishment, 90 days in jail.

The record contains only a partial statement of facts which was introduced in evidence at the hearing on the motion for new trial, and we are therefore not in a position to pass upon the sufficiency of the evidence to sustain this conviction.

Appellant's sole contention on appeal relates to the trial court's action in overruling his motion for new trial. By affidavit of appellant's attorney, it was sworn that Juror Weakley orally admitted that she considered certain testimony relating to an extraneous offense, which the trial court had instructed the jury to disregard, in reaching her decision to vote for a verdict of guilty. The affidavit of appellant's attorney further recited that Juror Weakley had refused to sign an affidavit to that effect.

The record of the testimony adduced at the hearing on the motion for new trial reflects that the statement regarding the extraneous offense was elicited by the appellant's own counsel during cross examination of a police officer and was responsive to the question asked. Be this as it may, the testimony adduced at the hearing on the motion for new trial shows only that