**Oralee FONTENOT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41205.**

Court of Criminal Appeals of Texas.

April 17, 1968.

Abel Toscano, Jr., Harlingen, Filemon B. Vela, Brownsville, for appellant.

F. T. Graham, Dist. Atty., Fred B. Wagner, Asst. Dist. Atty., Brownsville, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, life.

Appellant's court appointed attorneys have presented eleven grounds of error which for the sake of brevity we have regrouped.

■ Appellant's first group of alleged errors is predicated upon the contention that the court declined to consider his Amended Motion for New Trial because it bore a facsimile stamp of appellant's counsel's signature. We need discuss this matter no further because it is apparent that the court did consider the motion and held a hearing thereon.

■ A second group of alleged errors relates to the court's refusal to hear testimony of the jurors as to several alleged acts of jury misconduct. The Amended Motion for New Trial named no jurors and contained no affidavit of any member of the jury or any other person who was in a position to know the facts. The motion before the court was insufficient as a pleading in that it was not supported by the requisite affidavit of a member of the jury or some other person who was in a position to know the facts, and therefore, the court's action in overruling the same at any stage of the proceedings could be assigned as error. Johnston v. State, 396 S.W.2d 404, cert. den. 384 U.S. 1024, 86 S.Ct. 1976, 16 L.Ed.2d 1029; Procella v. State, 395 S.W.2d 637, cert. den. 384 U.S. 934, 86 S.Ct. 1450, 16 L. Ed.2d 534; Hunt v. State, 167 Tex.Cr.R. 51, 317 S.W.2d 743; Thomas v. State, 166 Tex. Cr.R. 584, 316 S.W.2d 741; Barnett v. State, 160 Tex.Cr.R. 622, 273 S.W.2d 878; Prince v. State, 158 Tex.Cr.R. 320, 254 S.W.2d 1006; Valdez v. State, 157 Tex.Cr.R. 363, 248 S.W.2d 744; Clay v. State, 157 Tex.Cr. R. 32, 246 S.W.2d 180; and Vowell v. State, 156 Tex.Cr.R. 493, 244 S.W.2d 214.

■ During the course of the hearing appellant offered the affidavit of Mrs. Pedro Reyna, Jr., which the court permitted appellant to make a part of his bill of exception. We have considered the same and have concluded that it is no more than an effort on the part of the juror to impeach her verdict, which this Court has held may not be done. See Gonzales v. State, Tex. Cr.App., 398 S.W.2d 132.

■ The final group of grounds of error is addressed to the alleged refusal of the court to hear testimony as to newly discovered evidence. The motion in this respect is also deficient because it was not supported by the affidavits of witnesses who

could testify to the newly discovered evidence. Kingham v. State, Tex.Cr.App., 374 S.W.2d 438; Chamberland v. State, 170 Tex.Cr.R. 124, 338 S.W.2d 726; Massoletti v. State, 165 Tex.Cr.R. 120, 303 S.W.2d 412; Ysasga v. State, 164 Tex.Cr.R. 237, 297 S.W.2d 835; Morris v. State, 158 Tex.Cr.R. 516, 251 S.W.2d 731; and Belrose v. State, 156 Tex.Cr.R. 322, 242 S.W.2d 378. In his brief appellant refers to the testimony of Mr. and Mrs. Harris. We have been unable to find where appellant tendered either as a witness or an affidavit from either.

Finding no reversible error, the judgment is affirmed.